UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **WINSTON JAMES,** | Case No. 1:24-cv-01517 (ALC) (RWL) |
| **Plaintiff,** | |
| -against- | |
| **KELLY SERVICES, INC. and ASSURANT, INC.,** | |
| **Defendants.** | |

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

**WHEREAS**, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect: (i) information a Party maintains as confidential or the dissemination of which could be detrimental to a Party; (ii) the interests of the client in information that is proprietary; (iii) private personal information; (iv) personnel or employment records of a person who is not a Party to the action, if production of such documents are required by court order and it is sufficiently redacted; (v) a trade secret; or (vi) otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "**CONFIDENTIAL**."

2

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a party challenges another party's designation of documents or information as Confidential Information, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible or that any particular category or piece of Confidential Information is discoverable. Each party reserves the right to object to the production, use or admissibility of the Confidential Information. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena. Until such time that the Court rules on any motion regarding a dispute as to the designation of Confidential Information, the Parties shall treat the disputed documents or information as "**CONFIDENTIAL**" or "**ATTORNEYS' EYES ONLY**" as originally designated.

4. Documents designated as "**CONFIDENTIAL**" shall not be disclosed to any person, except:

    a. The requesting party, its current and former employees, and its counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

      d.      The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);

      e.      The author or prior recipient(s) of the designated document; and

      f.      Any court reporter, typist, or videographer recording or transcribing testimony or argument in this action.

5. Prior to disclosing or displaying any documents designated "**CONFIDENTIAL**" to any person listed in Paragraph 4(c) or 4(f), counsel must:

      a.      Inform the person of the confidential nature of the information or documents;

      b.      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

      c.      Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6. Counsel for any party may designate any document or information as "**ATTORNEYS' EYES ONLY**" if any Confidential Information is of such a sensitive nature that it is appropriate to further restrict its disclosure and use.

7. Documents or information designated as "**ATTORNEYS' EYES ONLY**" shall not be disclosed to any person other than the Parties' respective counsel of record, including employees of such counsel.

8. The disclosure of a document or information without designating it as "**CONFIDENTIAL**" or "**ATTORNEYS' EYES ONLY**" shall not constitute a waiver of the right

to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

9. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

10. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information ("Inadvertently Disclosed Information"), whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The party who produced ("Producing Party") the Inadvertently Disclosed Information must promptly within 30 days of discovering the production of privileged or protected material notify the party receiving ("Receiving Party") the Inadvertently Disclosed Information, in writing that it has disclosed the Inadvertently Disclosed Information without intending a waiver by the disclosure. The notification by the Producing Party shall include an explanation, consistent with Federal Rule of Civil Procedure 26, why the Protected Information is covered by the attorney-client privilege and/or constitutes work product material. Upon such notification, the Receiving Party must, unless it contests the claims of privilege via Motion, notify

the Producing Party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information (ESI), delete) the Inadvertently Disclosed Information and any reasonably accessible copies it has; and (b) provide a certification that it will cease further review, dissemination and use of the Inadvertently Disclosed Information.

11. Notwithstanding the designation of information as "**CONFIDENTIAL**" or "**ATTORNEYS' EYES ONLY**" in discovery, there is no presumption that such information shall be filed with the Court under seal. For requests to file information under seal, the parties shall follow Section II.C and Appendix to The Honorable Robert W. Lehrburger's Individual Practices. ("Parties must obtain leave of this Court before filing any document under seal. Any sealing request should include a party's proposed redactions. If leave is granted, parties must file redacted copies with the Clerk of the Court. Proposed protective orders should include a provision reflecting this requirement.")

12. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or, upon permission, destroyed. Notwithstanding the above, outside counsel of record may retain (in paper or electronic format) any documents designated as "**CONFIDENTIAL**" or "**ATTORNEYS' EYES ONLY**" as well as any documents, databases, pleadings, deposition transcripts, work papers, or other work product that contain or refer to such documents. Any documents retained by outside counsel are to be maintained for archival purposes only and counsel's obligations of confidentiality continue until the documents are permanently destroyed.

13. Until such time as this Confidentiality Stipulation and Protective Order has been entered by the Court, the Parties agree that, upon execution by all of the Parties, it will be treated as though it has been "So Ordered" and the Parties will abide by its terms.

14. Nothing in this Protective Order shall bar or otherwise restrict the Parties' respective trial attorneys or in-house attorneys from rendering advice to his or her client with respect to the above captioned matter and, in the course thereof, referring to or relying in a general manner upon his or her examination of information, documents and things designated as "**CONFIDENTIAL**" or "**ATTORNEYS' EYES ONLY**" that he or she is permitted to see under this order and produced or disclosed hereunder.

**SO STIPULATED AND AGREED.**

Dated: April 2, 2025

*/s/ David Michael Fish*
David Michael Fish
**Romano Law PLLC**
One Battery Park Plaza, 7th Floor
New York, NY 10004
Tel: 212-865-9848
davidf@romanolaw.com

*Attorney for Plaintiff James*

*/s/ Joseph A. Gusmano*
Lisa M. Griffith
Joseph Gusmano
**Littler Mendelson, P.C.**
290 Broadhollow Road Suite 305
Melville, NY 11747
Tel.: 631.247.4700
Fax: 631.850.5363
lgriffith@littler.com
jgusmano@littler.com

*Attorneys for Defendant Assurant Inc.*

*/s/ Tiffany E. Alberty*
Tiffany E. Alberty
**Duane Morris LLP**
190 LaSalle St., Suite 3700
Chicago, IL 6063
Tel: (312) 499-6710
Fax: (312) 499-6701
TEAlberty@duanemorris.com

Harrison H. Weimer
**Duane Morris LLP**
30 S. 17th Street Philadelphia, PA 19103
Tel: (215) 979-1811
Fax: (215) 405-3865
HHWeimer@duanemorris.com

*Attorneys for Defendant Kelly Services Inc.*

**SO ORDERED**.

04/02/2025

Hon. Robert W. Lehrburger
United States Magistrate Judge

## EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **WINSTON JAMES,** | Case No. 1:24-cv-01517 (ALC) (RWL) |
| **Plaintiff,** | |
| -against- | |
| **KELLY SERVICES, INC. and ASSURANT, INC.,** | |
| **Defendants.** | |

    I,_____, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential. I agree that I will not disclose such material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will either return all discovery material to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery material. By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

    Dated:_____, 2025

_____    _____
Name (printed)    Signature

2

Signed in the presence of:

_____
(Attorney)